### McAULIFF v. HUGHES et al.

(Supreme Court, Appellate Division, Third Department. November 10, 1909.)

CHAMPERTY AND MAINTENANCE (§ 7*)—CONVEYANCE OF LAND HELD ADVERSELY.

> Where defendant took possession of property partitioned to him, on which he had a blacksmith and wheelwright shop and an inclosed garden, and a small portion of the property was not fenced until 1906, and then the defendant fenced the remainder and refused to allow plaintiff to get water from a spring on the property, and the premises before 1906 had

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

been run over more or less by cattle from the street belonging to plaintiff and others, and plaintiff had one or two wagons at the shop, plaintiff did not have such possession as would authorize the buying in of alleged outstanding titles to a portion of the property to defeat defendant's claim to the whole property, as such title was void under the champerty act (Laws. 1896, p. 603, c. 547, § 225).

[Ed. Note.—For other cases, see Champerty and Maintenance, Cent. Dig. §§ 54–110; Dec. Dig. § 7.*]

Cochrane, J., dissenting.

Appeal from Special Term, Clinton County.

Action by John McAuliff against Mary F. Hughes and others. From the judgment rendered, defendant Elizabeth Elliott appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Patrick J. Tierney, for appellant.
Adelbert W. Boynton, for respondent.

JOHN M. KELLOGG, J. The report of this case upon a former appeal is at 128 App. Div. 355, 112 N. Y. Supp. 486, where a judgment in favor of plaintiff was reversed upon the ground that his alleged conveyance was champertous and void.

The evidence now is substantially that on the former trial. It more fully appears that the premises directed by the judgment to be partitioned contain about an acre of land in a little village, upon which there is a blacksmith and wheelwright shop and defendant's inclosed garden. A small part of the premises was not inclosed by a fence until September or October, 1906, and then the defendant fenced the remainder of the premises and refused to allow the plaintiff longer to get water from his spring upon them. Apparently, up to the time the fence was built, the unfenced part of the premises had been run over more or less by cattle from the street, belonging to the plaintiff and others.

The plaintiff swears he stored wagons on the premises and pastured it. It is evident he had one or two old wagons at the wheelwright shop, where many parts of old wagons belonging to others had been left, and that his cattle, with other cattle at large upon the street, had at times run upon the premises from the street. The trial took place in November, 1907. The entire premises were fenced by the defendant in September or October, 1906, and the plaintiff and all others excluded therefrom by the defendant. There is an absence of any circumstances tending to show any act of possession by the plaintiff, especially since the fall of 1906. Thereafter, with knowledge of the defendant's claim, he purchased the alleged outstanding titles and brings this action. We must therefore conclude, as we did upon the former record, that the plaintiff's alleged title is within the letter and spirit of the champerty act (Laws 1896, p. 603, c. 547, § 225), and void.

The judgment should therefore be reversed upon the law and the facts, and a new trial granted, with costs to the appellant to abide the event. All concur, except COCHRANE, J., who dissents.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes